Danny A. ANDERSON, Appellant,

v.

UNITED STATES, Appellee.

No. 83–1018.

District of Columbia Court of Appeals.

Submitted June 13, 1984.

Decided July 13, 1984.*

John P. Dwyer, Public Defender Service, Washington, D.C., with whom James Klein, Public Defender Service, Washington, D.C., was on the brief, for appellant.

Joan C. Barton, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell, and Charles W. Cobb, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before FERREN and ROGERS, Associate Judges, and REILLY, Chief Judge, Retired.

PER CURIAM:

Appellant was tried on one count of destruction of property (misdemeanor). D.C. Code § 22–403 (1981). During the trial, the court declared a mistrial. Before the beginning of a retrial before the same judge, appellant moved to dismiss the information on the ground that double jeopardy barred a retrial. The court denied the motion and this appeal followed.[1] Appellant contends

---

* The decision in this case was originally released as a Memorandum Opinion and Judgment, but is being published pursuant to the court's order granting appellee's motion to publish.

1. *Abney v. United States,* 431 U.S. 651, 662, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977) (denial of motion to dismiss on double jeopardy ground is immediately appealable).

double jeopardy bars reprosecution because defense counsel neither requested nor acquiesced in the declaration of a mistrial and there was no manifest necessity for the ruling. We conclude that defense counsel implicitly consented to the declaration of the mistrial and therefore appellant may be retried.

### I.

The basis for the mistrial revolves around a pretrial request by defense counsel to avoid potential prejudice to appellant, who was known by two names (Daniel Johnson and Daniel Anderson), by limiting all references to the single name of Anderson. Counsel requested the government to instruct its witnesses and the government agreed to do so.

The prosecution was based on damage to the front door of the home of appellant's former girlfriend. The government called the owner of the townhouse to testify that he had not given anyone permission to damage the house and that the repairs cost approximately $170. On cross-examination defense counsel asked the owner whether "Mr. Anderson's" name had been on the lease and he answered

> No. As a matter of fact, he told me his name was Johnson, so there was no name Anderson on that lease.... The original lease I had was with an individual I knew to be Dan Johnson.

Defense counsel then asked to approach the bench, and expressed her concern that the name Johnson had come out and that the government had failed to instruct the witness not to mention the name. After a discussion at the bench, the court declared a mistrial. Defense counsel had not specifically made a motion for a mistrial nor was there any discussion concerning the possi-

**2.** "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const.Amend. V.

**3.** When the court terminates a trial before a verdict is reached over defense objection, double jeopardy bars retrial unless there was a

bility of curative instructions or any other remedy.

### II.

 The double jeopardy clause of the Fifth Amendment[2] protects a defendant in a criminal proceeding against repeated prosecutions for the same offense. *United States v. Dinitz,* 424 U.S. 600, 606, 96 S.Ct. 1075, 1079, 47 L.Ed.2d 267 (1976). Once jeopardy has attached, a defendant has a "valued right to have his trial completed by a particular tribunal." *Wade v. Hunter,* 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949). *Accord Dinitz, supra,* 424 U.S. at 606, 96 S.Ct. at 1079; *United States v. Jorn,* 400 U.S. 470, 484, 91 S.Ct. 547, 556, 27 L.Ed.2d 543 (1971). However, a motion by the defendant for a mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error. *Braxton v. United States,* 395 A.2d 759, 765 (D.C.1978) (quoting *Jorn, supra,* 400 U.S. at 485, 91 S.Ct. at 557); *see also, Dinitz, supra,* 424 U.S. at 607, 96 S.Ct. at 1079.[3]

 The issue in this case is whether defense counsel's actions may be construed as constituting consent to the declaration of a mistrial despite the fact that she made no explicit motion. "Consent need not be express, but may be implied from the totality of circumstances attendant on a declaration of mistrial." *United States v. Goldstein,* 479 F.2d 1061, 1067 (2d Cir.1973), *cert. denied,* 414 U.S. 873, 94 S.Ct. 151, 38 L.Ed.2d 113 (1973). *Accord United States v. Smith,* 621 F.2d 350, 351 (9th Cir.1980) (implied consent, like express consent, removes double jeopardy bar to retrial), *cert. denied,* 449 U.S. 1087, 101 S.Ct. 877, 66 L.Ed.2d 813 (1981); *United States v. Beckerman,* 516 F.2d 905, 909 (2d Cir.1975)

"manifest necessity" for the mistrial or the "ends of public justice would otherwise be defeated." *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824). The government does not contend that there was such a necessity in this case and we agree.

("Although the defense was not totally still, it was silent on the prospect of a mistrial and nothing was said to dispel the inference of accord"); *United States v. Goldman,* 439 F.Supp. 358, 360 (S.D.N.Y. 1977) (consent need not be express but may be implied), *aff'd mem.,* 573 F.2d 1297 (2d Cir.1977).

■ Based on the totality of the circumstances, we conclude that the defense acquiesced in the declaration of a mistrial. When defense counsel approached the bench to express concern that the second name had been disclosed, she focused on the fact the prosecutor had failed to instruct his witnesses as he had informed the court he would, and upon discovering that he had not, whether doing so would have avoided the problem. The rest of the discussion was as follows:

> THE COURT: But you see, the damage has been done.
>
> [GOVERNMENT COUNSEL]: I understand. But if the damage was done based on a specific question from [defense counsel], that the only way that [the witness] could have gotten around was to somehow say well, I can't answer the question or I have to lie—
>
> [DEFENSE COUNSEL]: Your Honor, the problem is it begs the point that [Government counsel] had been instructed to inform all of his witnesses.
>
> THE COURT: I understand that. I'm afraid I must declare a mistrial. I'm sorry. I'm really sorry.
>
> [DEFENSE COUNSEL]: Thank you, Your Honor.

Although there was no explicit request for a mistrial, defense counsel did not object although she had the opportunity to do so. *See Smith, supra,* 621 F.2d at 352 (defense counsel did not object to order of mistrial despite adequate opportunity to do so);

*Beckerman, supra,* 516 F.2d at 909 (appellant's argument that he had no opportunity to object to declaration of mistrial not borne out by record); *Goldstein, supra,* 479 F.2d at 1067 (appellants failed to make their change in position (from requesting a mistrial to declining to request it) known to trial judge despite adequate opportunity to do so); *compare Braxton, supra,* 395 A.2d at 768 (appellants had no opportunity to address the trial court or to object to proposed mistrial). Furthermore, defense counsel offered no alternatives to a mistrial such as curative instructions or an explanation by the witness. Having raised the issue of prejudice, defense counsel did not fulfill her obligation to make her ultimate position clear. *United States v. Sedgwick,* 345 A.2d 465, 473 (D.C.1975), *cert. denied,* 425 U.S. 966, 96 S.Ct. 1751, 48 L.Ed.2d 210 (1976). Thus, our review of the record indicates that defense counsel expressed no interest in obtaining a verdict from the first jury. *Id.*[4]

Accordingly, the trial court's denial of the motion to dismiss is affirmed.

---

**4.** We do not imply that defense counsel's original motion for a mistrial after the court's opening instruction to the jury at the first trial, constituted a waiver of the right to proceed with the same jury after that motion was denied. In *Braxton, supra,* 395 A.2d at 767, this court rejected the argument that once a defendant has made a motion for a mistrial which is denied he thereafter suffers no harm if the court later

dismisses the tribunal on different grounds. Rather, we held that the defendant is again entitled, after a request for a mistrial is denied, to resume control over the course of the proceedings. *Id.* We hold that as to the grounds on which mistrial was declared, defense counsel implicitly consented.